## Kolansky v. Hills

*Jerome H. Harwitz*, for plaintiffs.

*James N. Peck*, for defendant.

DITTER, J., November 13, 1964.—Defendant has filed a motion for an order, under Pennsylvania Rule of Civil Procedure 4009, directing plaintiffs "to produce and permit the inspection and copying of all hospital records, doctors' reports, x-rays and bills arising out of the course of treatment of the plaintiffs. . . ." An appropriate rule was directed to plaintiffs who have since answered and filed a motion for a protective order opposing the bulk of defendant's motion. Plaintiffs were given 90 days to take depositions and otherwise prepare for argument before the court en banc but they chose instead to rest solely on the pleadings.

Plaintiffs brought suit in trespass alleging temporary and permanent injuries resulting from an automobile accident, and the documents in question presumably relate to those injuries. After reviewing the record, we have no choice but to grant defendant's motion in full.

Rule 4009 states that on the motion of a litigant, the court may order another party to produce and permit the inspection of such things as documents, photographs, and so on, which are in the other's possession, custody or control, subject to the limitations provided by rules 4007(a) and 4011. Rule 4007(a) indicates that the objects to be examined must be relevant and that the examination will substantially aid in the prep-

aration of the pleadings or the preparation or trial of the case. Rule 4011 states that no discovery or inspection shall be permitted which is sought in bad faith, would cause unreasonable annoyance, relates to privileged matters, would disclose matters prepared in anticipation of litigation, would require unreasonable investigation, or require an expert opinion. Reading the three rules together and applying them to this case, defendant is allowed discovery or inspection upon an appropriate motion indicating that the subject matter is relevant and will assist in pleadings or trial preparation. Having done so he has established prima facie his right to the information. Should plaintiffs object to the motion, it seems clear to us that a duty then falls on them to show that such discovery or inspection will fall within the bounds of at least one of the six limitations set out in rule 4011.

Here, defendant has moved for an order "directing the plaintiffs to furnish a list of all doctors and hospitals which treated the plaintiffs" and "to produce and permit the inspection and copying of all hospital records, doctors' reports, x-rays and bills arising out of the course of the treatment of the plaintiff," resulting from an automobile accident which is the subject of the complaint. The motion goes on to indicate that these records and reports are in controversy in this action and that such inspection may be ordered under rule 4009. This, we believe, satisfies the requirements set forth in rules 4009 and 4007 and the defendant has established prima facie his right to inspection. In their answer and motion for protective order, plaintiffs agree to furnish to defendant a list of all doctors and hospitals which treated plaintiffs, but seek a protective order denying the remainder of the defendants' motion for inspection. There is no allegation that the discovery or inspection would fall into one of the six categories set forth in rule 4011 and, for this reason, plaintiffs

have failed to demonstrate why the discovery should not be allowed.

We think it would be an unfair burden on defendant to make him show that objects which he may never have seen do not fall into any of the six limitations shown in rule 4011. Certainly the party in the best position to carry this burden is the one having the possession, custody or control of these documents, and it is apparrent this was the intent of the Supreme Court when it issued the rules. Obviously, then allowance of this discovery does not mean that either party will be permitted to misuse these objects at the time of trial.

### Order

And now, November 13, 1964, upon consideration of oral arguments and the briefs of counsel, the defendant's motion for inspection is allowed and plaintiffs shall submit for examination and copying all hospital records, doctors' reports, x-rays, and bills which are relevant to this matter, and which arise out of the courses of treatment of plaintiffs.